FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2021 DEC 30 PM 4:29

JEFFREY P. COLWELL
CLERK

BY_____ DEP. CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

__Sheldon Anderson_____, Plaintiff

v.

__Key Renters Highlands Ranch_____,

__Pinette Property Management LLC_____,

__Dan Pinette_____,

__Nicole Pinette_____, Defendant(s).

(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)

## COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

A. **PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Sheldon Anderson   12662 E. Warren dr #F Aurora, CO, 80014
(Name and complete mailing address)

720 473 1677   SheldonAnderson323@gmail.com
(Telephone number and e-mail address)

B. **DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: KeyRenter Highlands Ranch   8955 S Ridgeline blvd Ste 1300 Highlands Ranch, CO 80129
(Name and complete mailing address)

720 699 1000
(Telephone number and e-mail address if known)

Defendant 2: Pinette Property Management LLC   8955 S Ridgeline blvd ste 1300 Highlands Ranch, CO 80129
(Name and complete mailing address)

720 699 1000
(Telephone number and e-mail address if known)

Defendant 3: Dan Pinette   8955 S Ridgeline blvd Ste 1300 Highlands Ranch CO 80129
(Name and complete mailing address)

720 699 1000
(Telephone number and e-mail address if known)

Defendant 4: Nicole Pinette   8955 S Ridgeline blvd Ste 1300 Highlands Ranch CO 80129
(Name and complete mailing address)

720 699 1000
(Telephone number and e-mail address if known)

## C. JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

☑ Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

FHA 42 USC 3601, DHPA CGS 46a-64c, 8-37ee & 46a-81e
Section 504 Rehab Act A73 ADA Title II & III

☐ Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of _____.

If Defendant 1 is an individual, Defendant 1 is a citizen of _____.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____Colorado_____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____Colorado_____ (name of state or foreign nation).

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*



D.  **STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: Housing Discrimination

Supporting facts: See attached

4

On around 11/22/2019 I seen an ad on apartments.com for a condo I inquired about it. My inquiry was responded to on 11/22/2019. I was informed that they would be holding an open house from 10-11AM. Upon arrival to the unit uh me and my girlfriend and my son toward it inquired about the application and the process as well as the fee at which time I told the agent that I would like to rent the property into an application. I also informed him that I have a service dog at which time he told me I would have to process a separate fee and application for a national registry check for service animals, which does not exist. Either way me and my girlfriend submitted the application on 12/2/2019 and paid $50. I also informed him that I was on veterans Section 8 which was provided to me through the VA since I had been returning from an injury as well as I was unable to work at the time. at that point he told me that they do not accept Section 8 which I can understand however I still wanted him to run my application because I was on disability shortly after I filled out the application. At which point the agent proceeded to call the background check company and tell them to not run my application and he refunded my money. I told him again that I would like my application ran regardless and I will provide any documentation that he needed. On or around the 6th of December I was notified that my background came back and I did not pass the reasons that were listed were untrue falsified and flat out disrespectful. I am a veteran I hold high security clearances I was working for DoD currently but on disability leave, and the fact that you challenged my knowledge or validity of my service animal was completely uncalled for. I'm here under the fair Housing Act 42 USC 3601 and the following subsections I am claiming housing discrimination for more than one reason in addition this has to be brought to light.

D. Statement of Claims

CLAIM TWO: Section 504 of the Rehabilitation Act of 1973 and ADA

Supporting facts: See Attached

Introduction

Numerous federal laws address the rights of individuals with disabilities to be accompanied by their assistance animals, which includes service animals, in public spaces. This document summarizes the legal protections provided individuals with disabilities under the Fair Housing Act (FHA), Section 504 of the Rehabilitation Act of 1973, and the Air Carrier Access Act (ACAA). Additional information and resources, including the rights of individuals with disabilities with service animals under the Americans with Disabilities Act (ADA), can be found at https://adata.org/service-animal-resource-hub.

Fair Housing Act (FHA) and Section 504

ADA Titles II and III cover some housing situations and in those cases, the regulations applicable to assistance animals, including service animals, are applied.[1](link is external) Two other federal laws are also relevant to the rights of individuals with disabilities in housing. First, the federal Fair Housing Act (FHA) prohibits discrimination on the basis of race, color, religion, sex, national origin, familial status and disability in housing.[2](link is external) Many types of housing, including public housing, are covered by FHA. The three exceptions to coverage are 1) rental dwellings of four units or less, if one unit is occupied by the owner; 2) single family homes sold or rented by the owner without a broker; and 3) housing owned by private clubs or religious organizations that restrict housing units to their members.[3](link is external) Two federal agencies—the Department of Justice (DOJ) and Housing and Urban Development (HUD)—have authority to enforce the FHA. Section 504 of the Rehabilitation Act will also apply to FHA housing if the housing provider has received federal financial assistance that can include funding received by FHA. DOJ also enforces compliance with Section 504 of the Rehabilitation Act of 1973.

There are various protections from discrimination included in the FHA. For individuals with disabilities who want to have their animals, the relevant one is the duty of covered entities to provide a reasonable accommodation defined as "a change, exception, or adjustment to a rule, policy, practice, or service."[4](link is external) If a tenant, or proposed tenant, asks permission to have an animal, and the provider has a "no pets" policy, FHA and Section 504 would both require that this be considered a request for reasonable accommodation. The threshold question is what kind of animal is the tenant requesting. FHA allows both "assistance animals" and "service dogs."

A request to have an assistance animal, which can include a service animal under the ADA definition, must be evaluated under the reasonable accommodation standard. Two questions are allowed; 1) Does the person have a disability—i.e., a physical or mental impairment that substantially limits one or more major life activities, and 2) Does the person making the request have a disability–related need for an assistance animal?[5](link is external) If the disability is readily apparent or known, the housing provider cannot ask for further information. If the disability and the reason for an assistance animal is not apparent, than the provider can ask for documentation of a disability and the need for an assistance animal. The example given by HUD is that a person who asks to allow an emotional support animal can provide a letter from a psychologist or mental health provider explaining the role of the animal in providing some disability related assistance. Requests for extensive medical records are not allowed.

If answers to both questions outlined above are yes, then the housing provider is obligated under both Section 504 and FHA to modify a "no pets" rule to allow the person to use the animal in all portions of the housing unless it would create an undue financial and administrative burden and/or fundamentally alter the nature of the services. Another reasonable accommodation would be waiving a pet deposit or fee.

The request may be denied if the animal poses a direct threat to the health or safety of others that cannot be reduced or eliminated by a second reasonable accommodation. The request may also be denied if the animal would cause substantial physical damage to the property of others that cannot be reduced or eliminated by an additional reasonable accommodation. HUD guidance emphasizes the necessity of individual determination in every request and any concern about dangerousness cannot be based on speculative concern or fear.

HUD has acknowledged that it can be confusing to housing providers covered by FHA, Section 504 and ADA, to comply with all the laws concerning various types of assistance animals.[6](link is external) The agency has given the following advice to housing providers that must apply with all three federal laws:

The preambles to DOJ's 2010 Title II and Title III ADA regulations state that public entities or public accommodations that operate housing facilities "may not use the ADA definition [of "service animal"] as a justification for reducing their FHAct obligations."[7](link is external)

Under FHA "an individual with a disability may have the right to have an animal other than a dog in his or her home if the animal qualifies as a "reasonable accommodation" that is necessary to afford the individual equal opportunity to use and enjoy a dwelling, assuming that the use of the animal does not pose a direct threat."[8](link is external)

In cases where all three statutes apply, to avoid possible ADA violations the housing provider should apply the ADA service animal test first. If the animal meets that test, the animal must be permitted to accompany the individual with a disability to all areas of the facility unless the ADA exceptions exist.[9](link is external)

If the animal does not meet the ADA definition of a service animal, then the housing provider should apply the HUD guidance regarding reasonable accommodation.[10](link is external)

Related Court Case

The Sixth Circuit Court of Appeals heard an interesting appeal in 2015 from a district court decision that addressed the obligations to modify city zoning rules to allow a miniature horse under both FHA and ADA Title II. In Anderson v. City of Blue Ash,[11](link is external) the issue was whether Anderson, the plaintiff, could keep a miniature horse, the assistance animal for her daughter with disabilities. The city, in response to complaints from neighbors regarding the excess waste from the miniature horse and other health concerns, unsuccessfully attempted to remove the animal and eventually passed an

ordinance to prohibit farm animals in residences within the city. After receiving numerous fines, Anderson sued the city for violations of both FHA and Title II.

The Sixth Circuit judge goes into great detail regarding the ADA Title II regulations related to miniature horses and the duty of covered entities to make reasonable modifications in policies, practice or procedures. He then dismissed the city's argument that the miniature horse was only used "outside" in the yard for a limited amount of time during the day and therefore the daughter could instead receive benefit by participating in a community therapy program. The fact that the horse provided physical support to the daughter so that she could get out of the house and be in the yard independently seemed sufficient to the court to be evidence of performing a task for the individual with a disability as required under ADA. Similarly, the court reviewed the mandate under FHA to provide a reasonable accommodation if necessary to allow the individual an equal opportunity to enjoy the property. The Sixth Circuit reversed the lower court's award of summary judgment to the city on both the FHA and ADA Title II issues.[12](link is external)

There have been numerous complaints, administrative hearings, and court cases regarding the obligation of covered entities under FHA to allow individuals with disabilities to live with their assistance animals. There seems to be no dispute that whatever the animal is "called"—e.g., emotional support animal, or service animal—all must be considered as a reasonable accommodation to the rules or policies of a housing provider.[13]

D. Statement of claims

1)

E.    **REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

I would like a formal apology and the sum of 75,000

F.    **PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

12/30/2021
(Date)

(Revised December 2017)

6

JS 44 (Rev. 06/17)   District of Colorado Form

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
*Sheldon Anderson*

**DEFENDANTS**
*Key renter highlands ranch*

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☒ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
*42 USC 3601*

Brief description of cause: ☐ AP Docket

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____